IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

T.L. WOODSON,

      **Plaintiff,**

v.                                               Case No. 2:14-cv-30564

**ADMINISTRATOR,**
**South Central Regional Jail,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

On December 17, 2014, the plaintiff, who, at that time, was incarcerated at the South Central Regional Jail ("SCRJ") in Charleston, West Virginia, filed a Letter-Form Complaint (ECF No. 1) complaining about various conditions of confinement at the SCRJ. On December 23, 2014, the Clerk entered a Standing Order referring this matter to the undersigned. (ECF No. 2). On January 5, 2015, the Clerk sent a letter to the plaintiff enclosing the standard forms used by this court for filing a Complaint under 42 U.S.C. § 1983 and an Application to Proceed Without Prepayment of Fees and Costs and directing that the plaintiff complete and return the forms for filing within 10 days. (ECF No. 3).

However, on January 9, 2015, and January 20, 2015, respectively, the mail sent to the plaintiff by the Clerk was returned as undeliverable stating that the inmate was not in SCRJ custody. A search of the West Virginia Regional Jail and Correctional Facility online inmate locator, as well as that of the West Virginia Division of Corrections, indicated that T.L. Woodson was not incarcerated in any West Virginia correctional facility and there was no available information concerning his whereabouts. No further activity has occurred in this matter since that time and the plaintiff has wholly failed to participate in this litigation. Specifically, the plaintiff has not complied with the obligation to update his contact information as required by Local Rule 83.5 of the Local Rules of Civil Procedure for the United States District Court for the Southern District of West Virginia.

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

2

The defendants have not been served with process in this matter because the plaintiff has not paid the applicable filing fee or filed the appropriate paperwork to enable the court to determine whether he may proceed *in forma pauperis* and there is not a proper Complaint document upon which this matter may proceed.  It appears that the plaintiff no longer wishes to pursue this matter and the responsibility for the delay in the progress of this matter is entirely on the plaintiff.  Thus, dismissal appears to be the only appropriate sanction.  However, because the defendant was never served with process, a dismissal without prejudice may be less drastic.

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff has wholly failed to prosecute this civil action.  Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter, without prejudice, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

March 28, 2017

Dwane L. Tinsley
United States Magistrate Judge